Douglas V. Rigler
drigler@young-thompson.com
Jeffrey M. Goehring (CA Bar. No. 233002)
jgoehring@young-thompson.com
YOUNG & THOMPSON
209 Madison Street
Suite 500
Alexandria, VA 22314
Telephone: 703-521-2297
Facsimile: 703-685-0573

Attorneys for Plaintiff PrimePay, Inc.

FILED
2009 JUN 23 A 11: 04
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PrimePay, Inc.<br><br>Plaintiff,<br><br>v.<br><br>First Tax Service, Inc. d/b/a PayFlex Solutions,<br><br>Defendant. | C09-02775<br><br>**COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PrimePay, Inc. ("PrimePay") for its Complaint against Defendant First Tax Service, Inc. d/b/a PayFlex Solutions ("PayFlex") alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under 17 U.S.C. § 501, trademark infringement under 15 U.S.C. § 1114; unfair competition under 15 U.S.C. § 1125(a); and unfair business practice arising under California Business and Professions Code § 17200 et seq.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's federal claims under 15 U.S.C. §§ 1121 and

1338(a). This Court has jurisdiction over Plaintiff's state law claim under 28 U.S.C. §§ 1338(b) and 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391.

## INTRADISTRICT ASSIGNMENT

4. This case is an Intellectual Property Action under Civil L.R. 3-2(c) and is assigned on a district wide basis under that rule.

## THE PARTIES

5. Plaintiff PrimePay is a corporation organized under the laws of Virginia, with its principal place of business at 1487 Dunwoody Drive, West Chester, PA 19380.

6. Defendant is a corporation organized under the laws of California, with its principal place of business at 1879 Lundy Ave, Suite 128, San Jose, CA 95131.

7. Upon information and belief, Defendant has adopted the non-registered fictional name Payflex Solutions.

## FACTUAL BACKGROUND

8. PrimePay is a national provider of business services focusing on payroll and tax processing services and offering in addition other service including human resources management services, time and attendance services, retirement account management services, pre-employment screening services, workers' compensation management services, unemployment cost control services, COBRA administration services, and employee benefits services.

9. PrimePay owns the trademark PRIMEPAY, including extensive common law rights and federal trademark registration Nos. 2,056,092 and 2,294,575.

COMPLAINT; Page 2 of 6

10. PrimePay owns and operates the website primepay.com.

11. PrimePay owns copyrights in the material appearing on its website and in its various advertisement and promotional literature.

12. PrimePay owns registration No. TX0006934754 / 2009-06-04 for a work that includes two reports that have been copied by Payflex without authorization.

13. Payflex operates websites at payflex.com and mypayee.com and is the registrant for these domain names.

14. Payflex's payflex.com and mypayee.com websites have copied work originating from and owned by Primepay without authorization from PrimePay.

15. Payflex's payflex.com and mypayee.com websites have used the PRIMEPAY trademark without authorization from PrimePay.

16. Payflex offers and/or provides services to businesses identical to and similar to the services provided by PrimePay including particularly payroll and tax processing services.

17. Upon information and belief, Payflex is and has been aware of PrimePay's copyright and trademark rights.

18. Upon information and belief, Payflex's infringing activities and unfair competition as set forth below are and have been willful such that this action is exceptional under 15 U.S.C. § 1117(a).

**FIRST CLAIM FOR RELIEF**

(Federal Copyright Infringement, 17 U.S.C. § 501)

19. Plaintiff incorporates by reference each of the allegations of the previous paragraphs.

20. Defendant copied substantial portions of Plaintiff's copyrighted material for use in Defendant's websites.

21. Defendant's conduct violates the exclusive rights belonging to Plaintiff as owner of

COMPLAINT; Page 3 of 6

1 copyright in its printed and web-based material.

2 22. As a direct and proximate result of Defendant's wrongful conduct, Defendant has
3 realized and continues to realize profits and other benefits rightfully belonging to Plaintiff.
4 23. Defendant's infringing conduct has also caused and is causing substantial and
5 irreparable injury and damage to Plaintiff in an amount not capable of determination at the
6 present time, and, unless restrained, will cause further irreparable injury, leaving Plaintiff
7 with no adequate remedy at law.
8
9 24. On information and belief, Defendant has willfully engaged in, and is willfully
10 engaging in, the acts complained of with oppression, fraud, and malice, and in conscious
11 disregard of the rights of Plaintiff.

12

## SECOND CLAIM FOR RELIEF

(Violation of the Lanham Act, 15 U.S.C. § 1125(a))

25. Plaintiff incorporates by reference each of the allegations of the previous paragraphs.

26. Defendant has copied substantial portions of text originating with Plaintiff for use in Defendant's websites.

27. Defendant has incorporated Plaintiff's trademark PRIMEPAY into Defendant's website.

28. Defendant's use of Plaintiff's trademark and text originating with Plaintiff constitutes false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which misrepresents the nature, characteristics, qualities, or geographic origin of the parties' goods, services, and commercial activities in violation of 15 U.S.C. § 1125(a)(1).

## THIRD CLAIM FOR RELIEF

COMPLAINT; Page 4 of 6

(Violation of the Lanham Act, 15 U.S.C. § 1114)

29. Plaintiff incorporates by reference each of the allegations of the previous paragraphs.

30. Defendant has incorporated Plaintiff's registered trademark PRIMEPAY into Defendant's websites.

31. Defendant's use of Plaintiff's registered trademark is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1125(a)(1).

## FOURTH CLAIM FOR RELIEF

(Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.)

32. Plaintiff incorporates by reference each of the allegations of the previous paragraphs.

33. Defendant's use of PrimePay's PRIMEPAY trademark and text originating with and copyrighted by PrimePay in Defendant's website constitutes unfair competition within the meaning of California Business and Professions Code §§ 17200 et seq.

## DEMAND FOR JURY TRIAL

Plaintiff PrimePay hereby request trial by jury.

## RELIEF REQUESTED

THEREFORE, Plaintiff PrimePay, Inc. requests this Court to enter judgment against Defendant First Tax Service, Inc. d/b/a PayFlex Solutions and any parent, subsidiary, or affiliate corporation, or other agent, servant, employee, or person in active concert or participation with Defendant, granting the following relief:

a) A judgment that Defendant infringed Plaintiff's copyright and trademark rights and that Defendant unfairly competed with Plaintiff under state and federal law as alleged above;

COMPLAINT; Page 5 of 6

b) A permanent injunction prohibiting further copyright or trademark infringement and unfair competition;

c) An award of damages to Plaintiff pursuant to the provisions of 15 U.S.C. § 1117 including prejudgment interest from the date infringement began;

d) An award of actual damages under 17 U.S.C. § 504.

e) An accounting of Defendant's sales and profits for all time period in which Defendant infringed;

f) A judgment declaring Defendant's trademark infringement willful and increasing the aforesaid damages by three times;

g) A finding that this action is an exceptional case and an award of Plaintiff's attorney's fees and costs as provided by 15 U.S.C. 1117(a);

h) Such other relief as the Court or a jury may deem just and equitable.

DATED: June 22, 2009

By: _____
Jeffrey M. Goehring (CA Bar. No. 233002)

Attorney for Plaintiff PrimePay, Inc.

COMPLAINT; Page 6 of 6